UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————————x

ADAM EL SAYAD,

                Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
DAMIE DANSEGLIO, and JOHN and
JANE DOE POLICE OFFICERS 1-10,

                Defendants.
——————————————————————————x

No. 24 Civ. 6776

**COMPLAINT
AND JURY DEMAND**

Plaintiff Adam El Sayad, by and through his attorneys, Cuti Hecker Wang LLP, for his Complaint alleges as follows:

## **NATURE OF THE ACTION**

1.      On October 21, 2023, Plaintiff Adam El Sayad protested peacefully in solidarity with the people of Gaza. Throughout that day and evening, Mr. El Sayad obeyed the law and complied with all instructions given to protesters by New York City Police Department ("NYPD") officers.

2.      Notwithstanding Mr. El Sayad's lawful behavior, he was forcefully pushed and assaulted by multiple police officers. Mr. El Sayad suffered serious injuries from this gratuitous and excessive use of force, including a tear of his anterior cruciate ligament ("ACL") that required surgical repair and months of intensive physical therapy to heal.

3.      After NYPD officers, including Defendant Police Officer Damie Danseglio, injured Mr. El Sayad so severely that he could no longer put weight on his right leg or balance the weight of his body, multiple officers forcefully arrested Mr. El Sayad, without any basis for

1

doing so.  Although Mr. El Sayad was detained for more than three hours and given two Criminal Court desk appearance tickets for charges of Disorderly Conduct, the baseless allegations were never pursued in court, and he was never charged or compelled to appear.

4. Defendants' violation of Mr. El Sayad's rights had severe physical and emotional consequences.  Mr. El Sayad has experienced ongoing physical pain and mental distress as a direct result of the officers' use of excessive force before and during the unlawful arrest.

## JURISDICTION AND VENUE

5. This action arises under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I, § 12 of the New York State Constitution, New York common law, and the New York City Administrative Code.

6. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331, 1343(a), and 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff Adam El Sayad is a natural person who resides in Brooklyn, New York.

9. Defendant City of New York ("City") was and is a municipality that is a political subdivision of the State of New York.  At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and State of New York.

10. At all times relevant hereto, Police Officer Damie Danseglio was a police officer employed by the NYPD, acting in the capacity of an agent, servant, and employee of defendant City, and within the scope of his employment as such.

11. At all times relevant hereto, defendant Police Officers John and Jane Does #1-10 (the "Doe Defendants"), whose actual names and badge numbers are not known to Plaintiff despite reasonable efforts to obtain such information, and who are sued herein by the fictitious designation of "John and Jane Doe," were police officers and members of the NYPD. With regard to all relevant events, the Doe Defendants were acting within the scope of their capacity as agents, servants, and employees of the City.

12. At all relevant times, Officer Danseglio and the Doe Defendants (collectively, the "Officer Defendants") were acting under color of state law.

## JURY DEMAND

13. Plaintiff hereby demands a trial by jury on all of his claims in this action.

## FACTUAL ALLEGATIONS

14. On October 21, 2023, Mr. El Sayad attended a peaceful protest in his neighborhood of Bay Ridge, Brooklyn.

15. Mr. El Sayad is a college student of Egyptian descent studying computer science at Brooklyn College. In addition to his studies, Mr. El Sayad enjoyed long-distance running and he exercised on a regular basis. He decided to attend the protest because he felt passionate about the welfare of the people of Gaza.

16. Mr. El Sayad joined his fellow protesters in peaceably marching along streets that the NYPD had blocked off to cars with barricades. He met up with a friend during the course of the day.

17. In or around the early evening, the NYPD abruptly halted the protest. The NYPD set up roadblocks, ordered the protesters to disperse, and threatened to arrest anyone who was in the street and not on the sidewalk. Without giving the protesters sufficient time to comply, the NYPD began forcefully pushing protesters onto the sidewalk.

18. The NYPD pushed protesters from both directions, recklessly constraining them and leaving them nowhere to go. The NYPD's conduct led to a dangerous crush of people, as officers simultaneously pushed, punched, kicked, and arrested protesters who happened to still be in the street. The NYPD did not stop shoving and assaulting protesters even when the protesters begged them to stop.

19. Mr. El Sayad was trapped in this dangerous crowd as he stood on an overflowing sidewalk.

20. As Mr. El Sayad stood on the sidewalk, he observed that the size of the crowd and the NYPD's conduct were causing people to fall from the sidewalk into the street. Mr. El Sayad attempted to help such people regain their balance and get back onto the sidewalk.

21. As Mr. El Sayad helped somebody who had fallen into the street, he briefly lost his balance and fell forward. Mr. El Sayad caught his balance quickly and was in the process of moving back onto the sidewalk, when, without warning, he was suddenly forcefully pushed by one of the Officer Defendants.

22. The Officer Defendant pushed Mr. El Sayad with so much force that Mr. El Sayad stumbled and fell backwards. As he fell backwards from the Officer Defendant's push, Mr. El Sayad felt a disconcerting pop in his right knee.

23. With the help of other protesters, Mr. El Sayad got up off the ground. Once he was upright, he could not move or bear weight on his right leg.

24. After suffering this injury, Mr. El Sayad found a spot on the sidewalk closest to the buildings lining the block, where he hoped that he and his injured knee would be safe.

25. As Mr. El Sayad stood there, the Officer Defendants and other NYPD officers began pushing and shoving people who were standing on the sidewalk, even though they had instructed those people to stand on the sidewalk in the first place. Once again, Mr. El Sayad got caught in a crush of people, this time because officers were using force against people on the sidewalk.

26. At one point, Mr. El Sayad put his hands in front of his body to protect against being pushed with his injured knee. As he did so, the Officer Defendants involved in pushing the crowd struck Mr. El Sayad in the face, tackled Mr. El Sayad to the ground, and placed him under arrest. The Officer Defendants, including Defendant Danseglio, handcuffed Mr. El Sayad's hands behind his back with metal handcuffs. In doing so, one or more of the Officer Defendants excessively tightened the metal handcuffs.

27. One or more of the Officer Defendants walked Mr. El Sayad to an NYPD bus while he hopped his way there on his left leg. Mr. El Sayad complied with the Officer Defendants' instructions despite the fact that they lacked any lawful basis for placing him under arrest.

28. Mr. El Sayad told one or more of the Officer Defendants that he urgently needed medical attention because he could not move his right leg. He also requested that one or more of the Officer Defendants loosen his metal handcuffs or replace them with plastic handcuffs because he could not feel his hands. The Officer Defendants ignored his pleas.

29. When Mr. El Sayad boarded the bus, he again requested medical attention and complained that his metal handcuffs were excessively tight. Only about twenty minutes later,

after multiple protesters on the bus also complained on Mr. El Sayad's behalf, did an Officer Defendant remove Mr. El Sayad's metal handcuffs and replace them with plastic handcuffs.

30. Mr. El Sayad was released from police custody approximately three hours after being placed under arrest. He was released from a precinct with two Criminal Court desk appearance tickets. He immediately went to the hospital emergency room to seek medical treatment.

31. After visiting the hospital the night of his arrest, Mr. El Sayad required follow-up care and numerous other visits to doctors.

32. Mr. El Sayad eventually learned that the Officer Defendants' use of excessive force caused a complete ACL tear. The use of excessive force also caused bruising, swelling, and ongoing pain and discomfort to his right knee, along with bruising to his wrists, and injuries to his head and other parts of his body.

33. Mr. El Sayad required surgery and intensive physical therapy, as often as multiple times a week for a period of months, to recover from the ACL tear and return to his active lifestyle.

34. Since enduring the assaults by the Officer Defendants, Mr. El Sayad has continued to suffer physical pain, and his athletic performance has been significantly affected.

35. Mr. El Sayad has also suffered and continues to suffer, *inter alia*, psychological and mental distress, fear, apprehension, nervousness, humiliation, and depression. He is uncomfortable around and avoids police officers because of the traumatic experience.

36. The criminal charges listed in the Criminal Court desk appearance tickets that provided the purported basis for Mr. El Sayad's arrest were never pursued by the District

Attorney. Mr. El Sayad learned that no charges had even been lodged and that he was not required to attend court.

37. Mr. El Sayad filed a sworn notice of claim within 90 days after the claims alleged herein arose. The notice was filed on January 11, 2024.

38. Mr. El Sayad sat for his 50-h examination on May 30, 2024.

39. At least 30 days have elapsed since service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40. Defendants are not entitled to protection under CPLR 1601 because of, without limitation, the exclusions set forth in CPLR 1602(2)(iv) and 1602(7).

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 - Excessive Force**
**(Against the Officer Defendants)**

41. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

42. At all relevant times, the Officer Defendants were acting under color of state law.

43. The level of force employed by the Officer Defendants was excessive, objectively unreasonable, and otherwise in violation of Plaintiff's constitutional rights.

44. As a result of the aforementioned conduct of Defendants, Plaintiff was subjected to excessive force and sustained damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983**
**(Against the Officer Defendants)**

45. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

46. The Officer Defendants wrongfully and intentionally arrested Plaintiff without a warrant and without probable cause, causing him to be detained against his will and subjected to physical restraints.

47. Plaintiff was conscious of this confinement.

48. Plaintiff did not consent to this confinement.

49. This confinement was not legally privileged.

50. As a direct and proximate result of this false arrest and imprisonment, Plaintiff suffered damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 - Failure to Intervene**
**(Against the Officer Defendants)**

51. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

52. The Officer Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

53. The Officer Defendants failed to intervene to prevent the unlawful conduct described herein.

54. As a result of the foregoing, Plaintiff was subjected to the use of excessive force for an extended period of time.

55. The use of excessive force against Plaintiff lasted sufficiently long to permit the Officer Defendants a realistic opportunity to intervene in that Plaintiff repeatedly requested medical attention and informed Officer Defendants that the metal handcuffs should be loosened.

56. As a direct and proximate result of this failure to intervene, Plaintiff suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Assault
### (Against All Defendants)

57. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

58. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff, in that the Officer Defendants had the real or apparent ability to cause imminent harmful and/or offensive bodily contact to Plaintiff, and intentionally did violent and/or menacing acts, which threatened such contact to Plaintiff, and such acts caused apprehension of such contact in Plaintiff.

59. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

60. As a direct and proximate result of this assault, Plaintiff has suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Battery
### (Against All Defendants)

61. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

62. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff including when they, in a hostile and/or offensive manner, forcefully pushed Plaintiff to the ground, punched him and cuffed his hands with excessively tight metal handcuffs without his consent and with the intent to cause harmful and/or offensive bodily contact to Plaintiff.

63. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

64. As a direct and proximate result of this battery, Plaintiff has suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### False Arrest and Imprisonment – New York Law
### (Against All Defendants)

65. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

66. The Officer Defendants wrongfully and illegally detained and imprisoned Plaintiff against his will by restraining him on the street and then in a police bus without probable cause to believe that he had committed any crime, was about to commit any crime, or posed any threat of physical harm to the Officer Defendants or anyone else.

67. The wrongful and false imprisonment of Plaintiff continued when he was transferred to an NYPD precinct.

68. The wrongful, unjustifiable, and unlawful apprehension, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause.

69. Plaintiff was conscious of this confinement.

70. This confinement was not legally privileged.

71. At all relevant times, the Officer Defendants were employees of the City of New York and the NYPD acting within the scope of their employment. Defendant City is therefore liable to Plaintiff under the doctrine of *respondeat superior*.

72. As a direct and proximate result of this false arrest and imprisonment, Plaintiff suffered damages in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### Negligent Screening, Hiring, and Retention
### (Against City of New York)

73. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

74. Defendant City, through the NYPD, owed Plaintiff a duty of care to prevent the physical and mental abuse Plaintiff suffered at the hands of City employees.

75. Upon information and belief, Defendant City, through the NYPD, owed this duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that the Officers Defendants' conduct was likely to result in an injury to Plaintiff or a similarly situated person.

76. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

77. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were not fit for duty and were potentially dangerous.

78. Upon information and belief, Defendant City's negligence in screening, hiring, and retaining the Officer Defendants directly and proximately caused Plaintiff's injuries.

79. As a direct and proximate result of this negligence, Plaintiff has suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## Negligence
## (Against All Defendants)

80. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

81. Defendant City, through the NYPD, owed Plaintiff a duty of care to prevent the physical and mental abuse Plaintiff suffered at the hands of City employees.

82. Upon information and belief, Defendant City, through the NYPD, owed this duty of care to Plaintiff because under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that the Officers Defendants' conduct was likely to result in an injury to Plaintiff or a similarly situated person.

83. The Officer Defendants were aware of facts that gave rise to an unreasonable risk that Plaintiff would be injured.

84. It was foreseeable to the Officer Defendants, based on facts known to them, that Plaintiff was at risk of imminent serious harm because of the manner in which the NYPD forcefully compelled protesters to gather on overcrowded sidewalks despite a lack of adequate space and then pushed and shoved people standing on the sidewalks even though the people had been directed to stand there.

85. The Officer Defendants failed to take reasonable steps to prevent Plaintiff from being injured.

86. The City is liable for the Officer Defendants' negligence under the doctrine of *respondeat superior*.

87. As a direct and proximate result of this negligence, Plaintiff has suffered damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### New York City Administrative Code § 8-801 *et seq.* - Excessive Force
### (Against All Defendants)

88. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

89. New York City Administrative Code § 8-802 protects each person's right to be secure against the use of excessive force by the NYPD and its employees.

90. New York City Administrative Code § 8-803 affords a private right of action for any deprivation of the rights protected by Section 8-802.

91. The level of force employed by the Officer Defendants was excessive, objectively unreasonable, and otherwise in violation of Plaintiff's statutory rights under the New York City Administrative Code.

92. At all relevant times, the Officer Defendants were employees of the City of New York and the NYPD acting within the scope of their employment. Defendant City is therefore liable to Plaintiff pursuant to New York City Administrative Code § 8-803(b).

93. As a direct and proximate result of the Officer Defendants' use of excessive force in violation of Plaintiff's rights under New York City law, Plaintiff suffered damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### New York State Constitution, Art. I, § 12
### (Against All Defendants)

94. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

95. By using excessive force and assaulting Plaintiff, and by arresting Plaintiff without legally sufficient justification, the Officer Defendants deprived Plaintiff of rights,

remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

96. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article I, § 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

97. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by Article I, § 12 of the New York Constitution.

98. The Officer Defendants were responsible for the deprivation of Plaintiff's state constitutional rights.

99. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

100. As a direct and proximate result of this violation of Plaintiff's state constitutional rights, Plaintiff suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

   a. Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, career, family and social disruption and other harm, in an amount to be determined at trial;

   b. Awarding punitive damages in an amount to be determined at trial;

c. Awarding pre- and post-judgment interest, attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d. Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 25, 2024

By: _____
Alexander Goldenberg
Jazly Liriano

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600
agoldenberg@chwllp.com
jliriano@chwllp.com

*Attorneys for Plaintiff*